## CASTELLANO vs. PEILLON.

APPEAL from the court of the parish and city of New-Orleans.

Although the clause of warranty relates to a defect of title only, it is not to be presumed that the parties did intend there should be no warranty, in regard to red-

PORTER, J. delivered the opinion of the court. This is a redhibitory action, the object of which is to recover the price paid for a slave. The petitioner states that he purchased

from the defendant, a negro man named Lewis, who had at the time of sale, the habit of running away; and that shortly after the purchase he absconded, and has not since been heard of, notwithstanding every possible search has been made for him.

East'n District.
May, 1824.

CASTELLANO
vs.
PEILLON.

hibitory defects.

The criminality of a witness cannot be proven otherwise than by the record of his conviction.

The vendor is affected by a judgment against the vendee.

The vendee may recover against his warrantor, without returning the slave, if he be runaway.

The defendant pleaded the general issue, and prayed that *his* vendor Henry Leslie, should be cited in warranty.

Leslie appeared, and answered by denying all the facts in the petition; and all those in the defendant's answer, which went to make him responsible.

On the issues thus joined, testimony, oral and written, was given in the court below; and the jury found a verdict against the defendant in favour of the plaintiff, and for the defendant against the party cited in warranty. The court having refused a new trial, and given judgment pursuant to the finding of the jury, Leslie appealed.

A variety of questions have been raised on the argument in this court, none of which appear to us to offer much difficulty in the solution.

The first is, that by the act of sale, Leslie did not warrant the slave against redhibitory

vices and defects. This position is endeavour-
ed to be maintained by a reference to the con-
veyance, in which the only clause of war-
ranty is, " that the said bargained premises
unto the said Stephen Peillon, my heirs, execu-
tors, and assigns, from and against all per-
sons, shall and will defend by these presents."
From the silence in the instrument as to any
other defect but that of title, it is argued that
it must be *presumed* it was the intention of
the parties that the vendor should not be re-
sponsible for redhibitory vices. It is the opi-
nion of the court, that this presumption is not
strong enough to release the seller from the
warranty which the law raises from the sale.
In relation to defects of this kind, the code
provides, that the buyer may have the sale can-
celled, " unless the seller has stipulated that
he should be under no kind of warranty."
*Civil Code*, 356, *art*. 68.

Considering therefore the first vendor as re-
sponsible, and proceeding to examine the case
in the order it appears on record ; the next
question presented for decision, grows out
of a refusal of the judge to permit a wit-
ness of defendant's to discredit one of the

plaintiff's, by proving that he had been impri-
soned in New-York, in consequence of con-
demnation for an infamous crime. The judge
thought the testimony of the witness was not
the best evidence the nature of the case would
admit of, and in that opinion we entirely con-
cur. The conviction and judgment should
have been proved by a copy of the record.
*Phillips's Evidence (ed.* 1821,) 24.

The appellant urges the judgment should
be reversed, and the cause sent back for a new
trial, because evidence was permitted to go to
the jury which was taken between the plain-
tiff and original defendant, before he was cited
in warranty, and became a party to the suit.

The whole of the argument of counsel on
this point, seems to proceed on the idea that the
vendor, cited in warranty, was a third party
in relation to his vendee, and could not be
affected by any thing which he did in the de-
fence of the cause. But this is clearly a misap-
prehension of the law, for there is such a privity
between them that the vendor is affected by
the judgment rendered against the buyer, and
upon the production of it he is bound to make
good his warranty, unless he can shew that it

has been obtained by fraud or collusion, or that matters of defence which he could use, were not employed on the trial. *C. Code*, 356, 64. If the judgment then, which might have been given between these parties, could have had this effect against the warrantor, without at all citing him ; so must all the proceedings on which that judgment was rendered. And the only question here is, whether he was not cited sufficiently in time, to shew on the trial, that proper defence was not made, or whether he should not have the opportunity of establishing this in another action, where his vendee sued him. We think he ought to have done it in the investigation below ; ample time was afforded him—he was made a party a few days after the commencement of the suit, and after taking the chance of a verdict in his favour, he cannot be permitted to urge this exception.

The habit of running away has been found by the verdict of the jury, and from all the evidence in the case, we cannot take upon us to say that they have erred.

The position that the judgment was erroneous, because the plaintiff was not decreed to

surrender the slave, has next to be examined.

It is true as was argued, that redhibition means annulling the sale ; the seller getting back the thing sold, and the purchaser receiving the price which he paid ; and ordinarily the purchaser, to maintain the action, ought to offer to return the thing with the fruits. *Civil Code,* 356. *Curia Philip. lib.* 1, *cap.* 13, *no.* 1. *Pothier, traite du vente, no.* 217. To this rule there are necessarily exceptions ; where the thing is no longer in existence, and has ceased to be so in consequence of the vice or defect, which forms the ground of redhibition, as if a horse or a slave died of the disease under which he was labouring at the time of sale. *Pothier, traite du vente, no.* 220. There is the same reason for recognizing the same rule, when the buyer is unable to return a thing, though still living, in consequence of the vice inherent in it ; as in the case before us, where the slave has absconded, and cannot be found. Otherwise the right of the buyer would diminish, in proportion as the injury increased. If the slave runaway, and was caught again, the purchaser could have his action of redhibition ; but if he were so expert in the habit,

that he eluded all search, and was lost entirely, the owner would be without remedy.

The question is, whether sufficient evidence was offered that the slave had runaway, and was not in the plaintiff's possession. We think it was proved by as good evidence as the nature of the case was susceptible of, and that the jury did not err in finding it affirmatively.

It is complained that there was error, in decreeing the first vendor to pay, not the price which he sold the slave for, but that which his vendee obtained for him, and on this point we agree with the appellant. The very definition of this action is, to replace the parties in the situation they were previous to the contract. Here more was done. It is true that to accomplish this, damages may be given, but to enable the court to decree them, they should be proved; and no evidence of this kind appears on record, unless we should consider as such, the defendant being deprived of the profit he made by selling the slave. This sum given by the judgment, was not found by the jury, but was a conclusion of the judge from the verdict.

We think he erred, and do therefore order, adjudge and decree, that the judgment of the

parish court be annulled, avoided and reversed, and it is further adjudged and decreed, that the sales of the slave, mentioned in the petition, from Peillon to Castellano, and from Leslie to Peillon, be rescinded and annulled. That the plaintiff do recover from the defendant the sum of six hundred dollars, with interest from judicial demand ; and that the defendant do recover from his vendor Leslie, cited in warranty, the sum of five hundred and fifty dollars, with interest from the time he was notified to appear and defend this action ; and it is also ordered and decred that the said Leslie pay the costs in the court of the first instance, and the defendant those of appeal.

*Dennis*, for the plaintiff, *Morse*, for the defendant.